# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### GREENSBORO DIVISION

JAMES PAUL PUGH, III,

        Plaintiff,

        Civil Action No.

    v.

LOUISVILLE LADDER, INC. and HOME
DEPOT U.S.A., INC.,

        Defendants.

## NOTICE OF REMOVAL

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
       MIDDLE DISTRICT OF NORTH CAROLINA

In accordance with the provisions of 28 U.S.C. § 1446, notice is given as follows:

1.    The defendants, Louisville Ladder, Inc., formerly known as Louisville Ladder

Group LLC, and Home Depot U.S.A., Inc. (collectively referred to as "Louisville Ladder" for

purposes of this Notice), hereby remove this action from the Guilford County Superior Court,

Greensboro Division, where it was commenced and is presently pending (Case No. 06 CVS

8070) to the United States District Court for the Middle District of North Carolina, Greensboro

Division. A copy of the summons and complaint are attached as Exhibit A, and they constitute

all process and pleadings served or filed in this action as of the date of this notice.

2.    The time within which Louisville Ladder is permitted to file its notice of removal

under 28 U.S.C. § 1446 has not expired as of the time of the filing and service of this notice of

removal. Less than 30 days have passed since the service and first notice of the complaint upon

Louisville Ladder, which occurred on July 6, 2006. *See* 28 U.S.C. § 1446(b); *Murphy Brothers,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S. Ct. 1322, 1328-29, 143 L. Ed. 2d

448 (1999) (holding that the thirty-day time period under removal statute begins to run from the date of formal service).

3.     This court has original jurisdiction of this action under the provisions of 28 U.S.C. § 1332, and this action may be removed from the Guilford County Superior Court, Greensboro Division, pursuant to the provisions of 28 U.S.C. § 1441, because this is a civil action in which the amount in controversy, upon direct inquiry to counsel for the plaintiff, exceeds the sum of $75,000, exclusive of interest and costs, and the only cognizable action stated in the complaint is between citizens of different states.

4.     Further, the amount-in-controversy requirement is plainly satisfied based on the allegations in the Complaint.  *See Dash v. First Home Loan Trust*, 248 F. Supp. 2d 489, 498 (M.D.N.C. 2003) (in light of North Carolina pleading laws that provide for claims to be pled "in excess of $10,000," the federal court should apply its own "common sense" to determine whether the amount in controversy exceeds $75,000).  This is a personal injury action in which Plaintiff has asserted claims based on express warranty, implied warranty and negligence. Plaintiff James Paul Pugh, III,  alleges that he suffered damages for past and future medical expenses, past and future pain and suffering, past and future loss of use of parts of his body, past and future loss of wage earning capacity, and other consequential damages in excess of $10,000.00.  (*See* Complaint ¶ 15). Specifically, Plaintiff claims that he suffered the following physical injuries as a result of the alleged product defect he suffered a severe closed head injury and other injuries (*see* Complaint ¶ 10), including: bilateral vertebral artery dissections; bilateral cerebellar strokes; loss of consciousness; concussion; mental confusion; double vision; severe headache; hematoma to the back of the head; pain in the neck, back and shoulder; and dizziness. (*See* Complaint ¶ 14).

5.      As set forth below, there is complete diversity between Plaintiffs and all of the Defendants, and no defendant is a citizen of North Carolina.

(a)      The plaintiff, James Paul Pugh, III, is a citizen and resident of Climax, Guilford County, North Carolina.

(b)      The defendant, Louisville Ladder, Inc., is a corporation organized under the laws of the State of Delaware with its principal place of business in Louisville, KY.

(c)      The defendant, Home Depot U.S.A., Inc., is a corporation organized under the laws of the State of Delaware with its principal place of business in Atlanta, GA.

6.      Because complete diversity of citizenship exists between the Plaintiffs and the Defendants in this action, and the amount in controversy in this case plainly exceeds $75,000.00, exclusive of interest and costs, this Court has diversity jurisdiction and this action is removable pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a).

7.      Removal to this district and division is proper under 28 U.S.C. § 1441 and 28 U.S.C. § 113(b) because this is the district and division embracing the place where the action is pending.

8.      All defendants are represented by the undersigned counsel and jointly consent to this removal.

9.      Written notice of the filing of this Notice of Removal is being properly given to the plaintiff and a Notice of Removal to federal court is being promptly filed with the clerk of the Guilford County Superior Court, Greensboro Division, as required by 28 U.S.C. § 1446(d).

10.      Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Removing Defendants' right to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction over the person;

(2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process;

(5) failure to state a claim; or (6) any other procedural or substantive defense available under

state or federal law.

Dated August 3, 2006

By:  /s/Andrew S.Chamberlin_____
    Andrew S. Chamberlin
    N.C. State Bar No. 17369
    ELLIS & WINTERS LLP
    100 N. Greene Street, Ste. 102
    Greensboro, North Carolina 27401
    Telephone:  (336) 217-4193
    Facsimile:  (336) 217-4198
    E-mail:  andrew.chamberlin@elliswinters.com


By: /s/ John L. Tate_____
    John L. Tate
    Rodney D. Glover
    STITES & HARBISON, PLLC
    400 West Market Street
    Suite 1800
    Louisville, KY  40202-3352
    Telephone:   (502) 587-3400
    Facsimile:    (502) 587-6391

Attorneys for Defendants
    LOUISVILLE LADDER, INC. and HOME
    DEPOT U.S.A., INC

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2006, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system which will send notification of such filing to the following:

Vance Barron, Jr.
Frederick L. Berry
BARRON & BERRY, L.L.P.
301 South Greene Street, Suite 310
Greensboro, NC 27402-2370


/s/Andrew S. Chamberlin
Andrew S. Chamberlin